IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD L. WELLER, | : | |
| Plaintiff | : | |
| | : | No. 1:18-cv-00655 |
| v. | : | |
| | : | (Judge Rambo) |
| FRANKLIN COUNTY JAIL et al., | : | |
| Defendants | : | |

# MEMORANDUM

Plaintiff Ronald L. Weller is a pretrial detainee currently confined at the Cumberland County Prison, Carlisle, Pennsylvania. (Doc. No. 1.) Weller filed this civil action pursuant to 42 U.S.C. § 1983 on March 23, 2018, naming as Defendants the Franklin County Jail and Warden William Bechtold. (Doc. No. 1.) Plaintiff complains of the condition of the clothing he received while a pretrial detainee confined at Franklin County Jail, which this Court analyzes under the Fourteenth Amendment which proscribes cruel and unusual punishment. (Id. at 5.) Plaintiff has also filed a motion to appoint counsel (Doc. No. 5), and a motion for leave to proceed in forma pauperis (Doc. No. 6). Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), the Court will perform the following screening of the complaint prior to service of process.

I. BACKGROUND

Plaintiff alleges that he entered Franklin County Jail on February 16, 2018. (Doc. No. 1 at 4.) Upon arrival, Plaintiff claims that he was not given clean

underwear, but rather, given underwear with fecal and urine stains and a t-shirt that had yellow armpit stains. (Id. at 5, 6.) Plaintiff alleges that he may have contracted some disease from the stained underwear, as he is now experiencing skin irritation. (Id. at 6.) He requests $50,000 as relief. (Id.) It appears that Plaintiff is no longer incarcerated at the Franklin County Jail, but rather, is currently housed at the Cumberland County Prison.

**II.   LEGAL STANDARD**

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); James v. Pa. Dep't of Corr., 230 F. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought in forma pauperis. See 28 U.S.C. § 1915(e)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mitchell, 696 F. Supp. 2d at 471.

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences

2

that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of pleading." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. Id. The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in Iqbal, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an

3

entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)).

In conducting its screening review of a complaint, the court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

## III.  SECTION 1983 STANDARD

In order to state a viable § 1983 claim, the plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003). Further, § 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

Moreover, in addressing whether a viable claim has been stated against a defendant, the court must assess whether the plaintiff has sufficiently alleged that the defendant was personally involved in the act which the plaintiff claims violated his rights. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Liability may not be imposed under § 1983 on the traditional standards of respondeat superior. Capone v. Marinelli, 868 F.2d 102, 106 (3d Cir. 1989) (citing Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976)). Instead, "supervisory personnel are only liable for the § 1983 violations of their subordinates if they knew of, participated in or acquiesced in such conduct." Capone, 868 F.2d at 106 n.7.

There are only two avenues for supervisory liability: (1) if the supervisor "knew of, participated in or acquiesced in" the harmful conduct; and (2) if a supervisor established and maintained a policy, custom, or practice which directly caused the constitutional harm. Id.; Santiago, 629 F.3d at 129; A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Ctr., 372 F.3d 572, 586 (3d Cir. 2004). As it concerns the second avenue of liability, conclusory, vague, and speculative allegations of custom, policy, or practice are insufficient. Id.

## IV. DISCUSSION

### A. Franklin County Prison

Franklin County Prison is not subject to suit under 42 U.S.C. § 1983 and will be dismissed with prejudice pursuant to the screening provisions of the PLRA. See Smith v. Samuels, Civ. No. 12- 524, 2013 WL 5176742, at *4 (M.D. Pa. Sept. 12, 2013) ("Courts have repeatedly recognized that a prison or correctional facility is not a person for purposes of civil rights liability.") Will v. Michigan Dep't of State Police, 491 U.S 58, 64 (1989) (holding that a State is not a "person[]" under § 1983); Lavia v. Pa. Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000); Beattie v. Dep't of Corr. SCI-Mahanoy, Civ. No. 08-00622, 2009 WL 533051, at *6 (M.D. Pa. Mar. 3, 2009); Davis v. Pa. Bd. of Prob. And Parole, Civ. No. 05-330J, 2006 WL 3308440, at *5 (W.D. Pa. Oct. 13, 2006). Consequently, because Franklin

County Prison is not subject to suit under 42 U.S.C. § 1983, it will be dismissed from this action with prejudice.

### B.     Warden William Bechtold

Other than being named in the caption of the complaint, the body of the complaint contains no allegations against Warden Bechtold. (Doc. No. 1.) This form of pleading is patently inadequate since it fails to allege facts that give rise to a plausible claim for relief. See Hudson v. City of McKeesport, 241 F. App'x 519 (3d Cir. 2007) (affirming dismissal of defendant who was only named in caption of case). Indeed, the complaint is devoid of any factual averments related to Warden Bechtold. The body of the complaint does not identify any individual Defendant engaged in misconduct, and it does not indicate how and when any Defendant was involved in the alleged wrongdoing. See Hudson v. City of McKeesport, 244 F. App'x 519, 422 (3d Cir. 2007) (affirming dismissal of defendant because complaint did not provide any basis for a claim against him).

In addition to this pleading deficiency, to the extent Plaintiff claims that Warden Bechtold is liable under § 1983 by virtue of respondeat superior, the Court notes that supervisors are not typically liable under § 1983 solely on a theory of respondeat superior. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. Dep't of Soc. Servs. Of City of N.Y., 436 U.S. 658, 690-91 (1978). "A defendant in a civil rights action must have personal involvement in

the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); see also Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003) (citing Rode.)

Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Rode, 845 F.2d at 1207. As set forth in Rode,

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or knowledge and acquiescence, however, must be made with appropriate particularity.

Id. at 1207.

Moreover, the filing of a grievance, participation in "after-the-fact" review of a grievance, or dissatisfaction with the response to an inmate's grievance, do not establish the involvement of officials and administrators in any underlying constitutional deprivation. See Pressley v. Beard, 266 F. App'x. 216, 218 (3d Cir. 2008) (not precedential) ("The District Court properly dismissed these defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them."); Brooks v. Beard, 167 F. App'x. 923, 925 (3d Cir. 2006) (not precedential) (holding that allegations that prison officials responded inappropriately to inmate's later-

8

filed grievances do not establish the involvement of those officials and administrators in the underlying constitutional deprivation); Ramos v. Pa. Dep't of Corr., Civ. No. 06–1444, 2006 WL 2129148, at *3 (M.D. Pa. July 27, 2006) ("[C]ontentions that certain correctional officials violated an inmate's constitutional rights by failing to follow proper procedure or take corrective action following his submission of an institutional grievance are generally without merit."); Wilson v. Horn, 971 F. Supp. 943, 947 (E.D. Pa. 1997) (noting that prison officials' failure to respond to inmate's grievance does not state a constitutional claim), aff'd, 142 F.3d 430 (3d Cir. 1998) (table). Because Plaintiff fails to provide any allegation in his complaint against Warden Bechtold, he will be dismissed.

### C. Motion to Appoint Counsel

Plaintiff requests the appointment of counsel because he lacks monetary funds. (Doc. No. 5 at 1.) Although prisoners have no constitutional or statutory right to the appointment of counsel in civil cases, district courts do have broad discretionary power to appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002). In Tabron v. Grace, the Third Circuit developed a non-exhaustive list of factors to aid district courts in determining whether to appoint counsel for such litigants. Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993). Such factors include the plaintiff's

ability to present his case, the complexity of the legal and discovery issues in the case, the amount of factual investigation that will be required, the necessity of expert witnesses, and whether "witness credibility is a key issue." Id. Additionally, "[a]s a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law." Montgomery, 294 F.3d at 498-99 (citing Tabron, 6 F.3d at 155). Finally, "[t]he plaintiff's ability to present a case is '[p]erhaps the most significant' consideration and depends on factors such as 'the plaintiff's education, literacy, prior work experience, and prior litigation experience . . . along with a plaintiff's ability to understand English . . . [and] the restraints placed upon a prisoner plaintiff by confinement.'" Nunuez v. Wetz, Civ. No. 14-cv-0727, 2017 WL 4698092, at *1 (M.D. Pa. Oct. 19, 2017) (citing Montgomery, 294 F.3d at 501).

In the present case, the Tabron factors do not warrant appointing counsel at this time. Plaintiff is able to understand English, the legal issues present in this action are not complex and Plaintiff has the apparent ability to litigate this action pro se. Additionally, Plaintiff's claim of lack of funds simply does not warrant appointment of counsel.

In addition to the foregoing, this Court's duty to construe pro se pleadings liberally, Riley v. Jeffes, 77 F.2d 143, 147-48 (3d Cir. 1985), coupled with Plaintiff's apparent ability to litigate this action, militate against the appointment of

counsel at this time. Accordingly, the Court declines to appoint counsel for Plaintiff, however, in the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered by the Court <u>sua sponte</u> or upon a motion properly filed by Plaintiff.

**D.     Leave to Amend**

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. See <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." <u>Id.</u> The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. <u>In re NAHC, Inc. Sec. Litig.</u>, 306 F.3d 1314, 1332 (3d Cir. 2002).

Based on the foregoing, the Court finds that Plaintiff should be permitted leave to amend his complaint. Should Plaintiff elect to file an amended complaint,

11

he is advised that the amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the original complaint or any other document already filed. The amended complaint should set forth his claims in short, concise and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Each paragraph should be numbered. It should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of the defendant in the acts which he claims violated his rights. Mere conclusory allegations will not set forth a cognizable claim.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 6), will be granted, Plaintiff's motion to appoint counsel (Doc. No. 5), will be denied without prejudice, and Plaintiff's complaint (Doc. No. 1), will be dismissed for failure to state a claim upon which relief may be granted with leave to amend. An appropriate order follows.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: April 16, 2018