IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD L. WELLER, :
    Plaintiff :
: No. 1:18-cv-00655
    v. :
: (Judge Rambo)
FRANKLIN COUNTY JAIL et al., :
    Defendants :

## MEMORANDUM

**I. BACKGROUND**

On March 23, 2018, Plaintiff Ronald L. Weller, a pro se litigant, filed this civil rights action while confined at the Cumberland County Prison in Carlisle, Pennsylvania, pursuant to 42 U.S.C. § 1983 against the Franklin County Jail and Warden William Bechtold. (Doc. No. 1.) Plaintiff complained of the condition of the clothing he received while a pretrial detainee confined at the Franklin County Jail. (Id. at 5.)

The Court dismissed Plaintiff's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 8(a). (Doc. Nos. 10, 11.) The Court granted Plaintiff twenty days from its April 16, 2018 Order to file an amended complaint. (Doc. No. 11.) The Court also denied without prejudice Plaintiff's motion to appoint counsel. (Id.) On May 3, 2018, Plaintiff filed a motion for reconsideration of this Court's April 16, 2018 Order denying without prejudice Plaintiff's motion for appointment of counsel. (Doc. No. 15.)

1

Plaintiff also requested an extension of time in which to file his amended complaint. (Id.) On May 8, 2018, the Court denied Plaintiff's motion for reconsideration but granted him twenty days in which to file an amended complaint. (Doc. No. 16.) The Court further cautioned Plaintiff that his failure to file an amended complaint within twenty days would result in the dismissal of this action for his failure to prosecute. (Id.)

On May 29, 2018, the Court's May 8, 2018 Order was returned as "undeliverable." (Doc. No. 17.) It was further noted that Plaintiff was no longer housed at the Cumberland County Prison, but rather, was now located at the Franklin County Prison. (Id.) While Plaintiff did not provide the Court with his updated address as required by the Court's March 23, 2018 standing practice Order (Doc. No. 3), the Docket reflects that his address was updated by the Clerk and the May 8, 2018 Order was resent to Plaintiff on May 29, 2018. (Id.) On June 26, 2018, the Court again received its May 8, 2018 Order indicating that it was returned as "undeliverable" and "unable to forward." (Doc. No. 18.) The Clerk noted on the Docket that it appears that Plaintiff has been paroled and is out of custody. (Id.) To date, the Court has received neither an amended complaint nor any correspondence from Plaintiff providing the Court with an updated address.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to prosecute or comply with these rules or order of court." District courts have the inherent power to dismiss an action for failure to prosecute sua sponte. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). In the instant case, Plaintiff has failed to comply with this Court's March 23, 2018 Order by failing to keep the Court apprised of Plaintiff's current address (Doc. No. 3), and has also failed to comply with the Court's May 8, 2018 Order by failing to file an amended complaint (Doc. No. 16). When determining whether to dismiss an action for a plaintiff's failure to prosecute under Rule 41(b), the Court must balance six (6) factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868. Not all of the Poulis factors need be satisfied to dismiss a complaint. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992); Shahin v. Delaware, 345 F. App'x 815, 817 (3d Cir. 2009).

As to the first factor, it is Plaintiff's sole responsibility to comply with Court orders. See Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002); Winston v. Lindsey, Civ. No. 09-224, 2011 U.S. Dist. LEXIS 137022, at *6 (W.D. Pa. Nov. 30, 2011) (concluding that a pro se litigant "bears all of the responsibility for any failure to prosecute his claims"). Plaintiff was specifically warned that his failure to keep the Court apprised of his current address would result in the dismissal of this action. (Doc. No. 3.) Plaintiff was also cautioned that his failure to file an amended complaint as set forth in this Court's May 8, 2018 Order would result in the dismissal of this action. (Doc. No. 16.) The last communication that the Court received from Plaintiff was on May 3, 2018. (Doc. No. 15.) Mail returned to the Court reveals that Plaintiff is no longer incarcerated at either the Cumberland County Prison or the Franklin County Prison. (Doc. Nos. 17, 18.) To date, Plaintiff has failed to comply with the Court Orders directing him to provide the Court with an updated address and to file an amended complaint. (Doc. Nos. 3, 16.) Therefore, this factor weighs in favor of dismissal. As to the second factor, the Court does not find that Defendants have been prejudiced because they have not yet been served.

Examining the third factor, a history of dilatoriness, it is clear from the procedural background of this case that Plaintiff has not communicated with the Court since filing a motion for reconsideration (Doc. No. 15), on May 3, 2018.

4

Moreover, Plaintiff has not provided the Court with an updated address. A <u>pro se</u> plaintiff has the affirmative obligation to keep the Court informed of his address. <u>See</u> (Doc. No. 3.) Plaintiff's failure to provide the Court with an updated address even after the Court's previous orders cautioning him that his case would be dismissed should he not comply indicates an intent not to continue with this litigation. <u>See</u> <u>Pozoic v. Cumberland Cty. Prison</u>, Civ. No. 11-1357, 2012 WL 114127, at *3 (M.D. Pa. Jan. 13, 2012); <u>Bush v. Lackawanna Cty. Prison</u>, Civ. No. 14-cv-1253, 2017 WL 2468795, at *2 (M.D. Pa. June 7, 2017). Accordingly, this factor weighs in favor of dismissal.

The Court finds that the fourth factor, whether Plaintiff's conduct was willful or in bad faith, also weighs in favor of dismissal. Plaintiff's failure to abide by the Court's Orders "demonstrate[s] a willful disregard for procedural rules and court directives." <u>Gilyard v. Dauphin Cty. Work Release</u>, Civ. No. 10-1657, 2010 U.S. Dist. LEXIS 128400, at *5-6 (M.D. Pa. Dec. 6, 2010).

An examination of the fifth factor, effectiveness of sanctions other than dismissal, reveals that no other sanction is a viable alternative because the Court is unable to communicate with Plaintiff and this matter is unable to continue without an amended complaint filed by Plaintiff. <u>See</u> <u>Jauquee v. Pike Cty. Corr. Fac. Employees</u>, No. 12-cv-1233, 2013 WL 432611, at *1 (M.D. Pa. Feb. 1, 2013); <u>see also</u> <u>Pozoic</u>, 2012 WL 114127, at *4; <u>Purveegiin v. Gonzalez</u>, Civ. No. 07-1020,

5

2009 U.S. Dist. LEXIS 34550, at *4 (M.D. Pa. Apr. 23, 2009).  Additionally, confronted by a pro se litigant who will not comply with the rules or court orders, the Court finds that lesser sanctions may not be an effective alternative.  See, e.g., Briscoe v. Klaus, 538 F.3d 252, 262-63 (3d Cir. 2008).

    Regarding the sixth factor, the meritoriousness of the claim, the Court finds that consideration of this factor could not save Plaintiff's claims as the Court has previously dismissed his complaint for failure to state a claim upon which relief may be granted as well as dismissed the only two Defendants named therein.  (Doc. Nos. 10, 11.)  Additionally, Plaintiff is wholly non-compliant with his obligations as a litigant, i.e., he has disregarded this Court's March 23, 2018 Order cautioning him of his obligation to keep the Court apprised of his current address and the consequences of his failure to do so (Doc. No. 3), as well as this Court's May 8, 2018 Order warning Plaintiff that his failure to file an amended complaint would result in the dismissal of this action (Doc. No. 16).

    While it is well-settled that "'no single Poulis factor is dispositive,' . . . [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint,'" Briscoe, 538 F.3d at 263, upon balancing the Poulis factors, it is clear that the majority of the six factors weigh heavily in favor of dismissal of the action for failure to prosecute.

## III. CONCLUSION

For the foregoing reasons, the Court will dismiss this action pursuant to Federal Rule of Civil Procedure 41(b). An appropriate Order follows.

                         s/Sylvia H. Rambo
                         SYLVIA H. RAMBO
                         United States District Judge

Dated: June 27, 2018